IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 16-cr-00119-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICHARD HENNIS and
2. BRANDI LEONARD,

    Defendants.

## PROTECTIVE ORDER

THIS MATTER comes before the Court on the United States' Motion for a Protective Order [Docket No. 35]. The Court makes the following findings:

1. Due to the nature of the charges, the privacy protection measures afforded under the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509(d), apply to this case.

2. The Act affords certain protections to child victims and child witnesses, including requiring the parties and other personnel to maintain the confidentiality of documents that disclose the name or any other information concerning a child, to maintain the confidentiality of the minor victim's identity in all public filings and court proceedings, and to file under seal without the necessity of a Court order any filings that disclose the identity or other personal information of the minor victim.

3. Due to the nature of the case, the Court finds that there is a significant possibility that disclosure to the public of the names or other information concerning any minor victims or witnesses in this case would be detrimental to the minors.

4. The defendants do not object to the entry of a protective order with the terms and conditions outlined below.

Good cause appearing, it is

**ORDERED** that:

1. All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B) shall, during any and all pre-trial and post-trial proceedings and at trial, refer to any minors involved by a pseudonym such as "Minor #1" for each such minor;

2. All documents that disclose the name or any other information concerning a child shall be kept in a secure place to which no person who does not have reason to know their contents has access, pursuant to and in compliance with 18 U.S.C. § 3509(d)(1)(A)(i);

3. All documents that disclose the name or any other information concerning a child or the information in them that concerns a child shall be disclosed only to persons who, by reason of their participation in the proceeding, have reason to know such information, pursuant to and in compliance with 18 U.S.C. § 3509(d)(1)(A)(ii);

4. Defense counsel shall ensure that members of their respective defense teams will read this Order and are informed of their responsibility to safeguard the above-referenced information;

5. The Government will provide defense counsel with a copy of discovery in this case. The discovery may be viewed only by defense counsel, the defendants, and members of his/her respective defense team, including any defense investigators, staff,

and any experts retained by the defense, as necessary for the purposes of preparing a defense in this case;

6.      No discovery materials that disclose the name or any other information concerning a child (including any depictions of the child) shall be provided to the defendants.  Each defendant may be allowed to review the discovery materials referenced in this paragraph, but only while in the direct presence of defense counsel or members of his/her respective defense team, including any defense investigators, staff, and any experts retained by the defense;

7.      Pleadings or documents filed in this matter that disclose the name or other information concerning a child shall be filed in compliance with 18 U.S.C. § 3509(d)(2);

8.      The parties shall keep a copy of this Order with the discovery materials at all times.

DATED April 12, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge